**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No.

**LORI LOPPNOW,**

      **Plaintiff,**

**v.**

**GUESS? RETAIL, INC.,**

      **Defendant.**

---

### COMPLAINT AND JURY DEMAND

---

Plaintiff Lori Loppnow ("Loppnow" or "Plaintiff") states the following Complaint against Defendant Guess? Retail, Inc. ("Guess" or "Defendant").

### <u>NATURE OF ACTION</u>

Loppnow brings this action for damages as a result of Defendant's discrimination against her on the basis of age in violation of the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621 *et seq.*, as amended. Guess discriminated against Loppnow by reducing her wages and ultimately terminating Loppnow for an unwarranted reason, all because Loppnow no longer met Guess's brand expectation of being "young."

## PARTIES

1.     At all times relevant herein, Loppnow was an individual female citizen and resident of the State of Colorado.  The events and transactions upon which this suit is based occurred in the State of Colorado.

2.     Guess is a Delaware corporation doing business in the State of Colorado.  Guess is a private employer with twenty (20) or more employees on any given day of the year, and is engaged in an industry affecting commerce. 29 U.S.C. § 630. At all relevant times, Guess was an "employer" as defined by the ADEA.  *Id.*

3.     Loppnow was employed by Guess during all relevant time periods.

## JURISDICTION

4.     Jurisdiction is asserted pursuant to the ADEA, 29 U.S.C. § 623, *et seq.* Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1331, 1332, and 1343, in that this action arises under federal law and is between citizens of different States.  This Court has personal jurisdiction over Defendant pursuant to C.R.S. § 13-1-124 because Defendant transacts business in the State of Colorado.

## ADMINISTRATIVE PROCEDURES

5.     Loppnow has timely and properly exhausted her administrative remedies by filing an initial Charge with the Equal Employment Opportunity Commission ("EEOC") on or about May 23, 2016, based upon grounds of age discrimination, EEOC Charge Number 541-2016-01783C.

6.     Following repeated delays in attempts to schedule mediation, Plaintiff requested the right to sue from the EEOC on or about December 9, 2016.

7.     This lawsuit is timely filed within 90 days after Loppnow's receipt of a Notice of Right to Sue from the EEOC dated December 16, 2016.

## FACTUAL ALLEGATIONS

8.     Plaintiff incorporates by reference the allegations set forth above as if fully stated herein.

9.     Plaintiff is over the age of forty (40).

10.     Guess hired Loppnow on or about May 26, 2009.

11.     Loppnow worked as a Manager and then as a Co-Manager during the course of her employment with Guess.

12.     During the relevant time frame, Co-Managers were classified by Guess as exempt employees under federal and Colorado wage and hour laws.   As such, Co-Managers were not entitled to overtime compensation or mandatory paid rest and/or meal breaks pursuant to these laws.

13.     Pursuant to the Guess Human Resources manual revised in January 2009, a Co-Manager reports to a store manager and assists the store manager with supervision of all store associates.

14.     Guess' MIT (Manager in Training) Workbook states Guess is "Sexy. Timeless. Inspired."   It further states that it offers "fashion forward styles…for its young and hip customers."   Under "Brand Management" the term "young" is defined as "fun and energetic! When you're smiling and moving fast and having fun on the job you create an energized environment for our customers.   If you're having fun, they'll have fun with you."

15.    The Code of Conduct policy states, "You are the link between GUESS and our customers; you are the first, and often only, company representative that our customers see."

16.    Loppnow performed her duties satisfactorily with Guess while working at the Park Meadows Store 5504 ("Park Meadows Store") and did not receive any written warnings during the time she actively worked at that store.

17.    In April 2015, Guess transferred Loppnow from Park Meadows Store to Cherry Creek Store 5040 ("Cherry Creek Store").  Plaintiff's job title and her responsibilities remained the same.

18.    Because Loppnow had aged, Guess began to discriminate against her on the basis of her age and appearance.

19.    Guess reduced Loppnow's salary by $7,000.00 annually at this time. However, her hours and duties were not reduced or changed with the salary reduction.

20.    Upon information and belief, the Cherry Creek Store was considered "younger," in that the store employed younger employees and marketed to younger clientele.

21.    On or about June 6, 2015, the District Manager David Miller ("Miller") and the Cherry Creek Store Manager Rachel Smith ("Smith") began accusing Plaintiff of a "meal break violation" because Plaintiff had occasionally worked during one of her breaks.

22.    Upon information and belief, Smith is in her early thirties of age.

23.    Loppnow explained that she did not work during the entire breaks but if something needed to be put away, like shoes that were changed from the mannequin,

she did put them away during her break.  Loppnow believed this was her responsibility as a Co-Manager.

24.     Plaintiff found the meeting to be very hostile and Miller would not accept any of Plaintiff's responses to his allegations.

25.     Plaintiff began to realize she was being targeted because of her age and appearance.

26.     This type of occasional work during Loppnow's breaks occurred during her entire six-year career with Guess and she was never counseled, disciplined or warned on the issue before.

27.     Additionally, as an exempt employee, Plaintiff believed she was not entitled to breaks according to the employee handbook.

28.     In approximately July 2015, Smith asked Plaintiff to follow her to the office in the stock room.  Smith stated that she had written Plaintiff up and was giving her a Problem Solution Notice ("PSN") for a "Meal Break Violation" which allegedly occurred on July 7, 2015.

29.     Plaintiff denies violating a Guess policy but instead maintains she was performing the essential duties of a Co-Manager.

30.     Guess requires employees to check in inventory shipments that are received. These shipments were delivered during business hours.

31.     Upon information and belief, only a Manager or Co-Manager could open the door to receive the deliveries and begin the check-in process.

32.     These shipments had to be checked in during breaks or when a Manager or Co-Manager's shift was finished so that a supervisor remained on the floor at all times.

33.     Loppnow often took a few minutes before she returned from her break to check in shipments so that she would not have to work overtime after the end of her shift.

34.     When Plaintiff did stay past her scheduled shift to complete additional tasks, Guess did not provide any comment, critique, or reprimand.

35.     When Loppnow explained this to her supervisors, Miller kept accusing Loppnow of lying and would say "that is not the reason."  The situation was hostile and it made Loppnow feet uncomfortable because she had never been accused of poor performance or been written up for poor performance.

36.     Smith issued a PSN to Plaintiff that was considered a "final" written warning.

37.     Smith issued this final written warning as a precursor for the underlying intent of terminating Loppnow because Guess believed she was too old to be working in its stores.

38.     Loppnow was very upset with the PSN she received because it was a final written warning.  Plaintiff did not receive any written notices prior to this write up. Loppnow made it clear to her supervisors that she was not happy and noted that she had not received any other write ups regarding this alleged issue.

39.     In late September 2015, Smith requested that Plaintiff temporarily return to the Park Meadows Store 5504 to work for a week or two.

40.    Loppnow returned to Park Meadows Store 5504 to work, and on certain occasions she would fill in at the Cherry Creek Store 5040 during the initial temporary period.

41.    Plaintiff remained at Park Meadows Store 5504 the entire month of October.

42.    On or about Nov. 2, 2015, Plaintiff returned to the Cherry Creek location.

43.    Smith came into the store that morning even though Smith was not scheduled to work.

44.    Smith requested to see Loppnow in the stock room.    At this time Smith terminated Plaintiff.   Smith stated that on October 19 or 20, 2015, another associate employee allegedly saw Loppnow working on her break.

45.    No description was provided for what Plaintiff allegedly did on her break.

46.    Because of Plaintiff's age and appearance, she no longer met the qualifications of Guess's branding traits of "young."

47.    Upon information and belief, Loppnow was significantly older than the other Guess employees at these locations.

48.    As an exempt employee, Plaintiff was not entitled to breaks.   Instead, Miller and Smith sought to find a reason to terminate Loppnow because she did not fit the appearance of the stores they managed.

49.    Miller and Smith wrongly applied Guess policies for non-exempt, associate employees in an effort to cover their true intent.

## FIRST CLAIM FOR RELIEF
### (Age Discrimination under the ADEA)

50.     Plaintiff incorporates by reference the allegations set forth above as if fully stated herein.

51.     Loppnow is over the age of forty (40) and entitled to the protections afforded by the ADEA.

52.     Loppnow's age was the determining factor in Guess's reduction in of her salary and subsequent termination of her employment.

53.     But for Loppnow's age and appearance, Guess would not have reduced her salary and subsequently terminated Loppnow.

54.     Any reason or reasons proffered by Guess for terminating Loppnow are pretextual.

55.     Guess willfully and intentionally subjected Loppnow to age discrimination.

56.     Guess knew its action violated the ADEA or was recklessly indifferent in that regard.

57.     As a direct and proximate result of the foregoing actions and the conduct of Guess, Loppnow has suffered damages including, but not limited to, loss of back wages, front wages, and fringe benefits.  Loppnow is entitled to liquidated damages because Guess's actions were knowing and willful.


        WHEREFORE, Lori Loppnow respectfully requests that this Court enter judgment in her favor and against Defendant, and award her damages for back pay, front pay,

fringe benefits, pre-judgment interest, liquidated damages, costs, expert fees, attorney's

fees, and such other and further relief as this Court deems proper.

## PLAINTIFF DEMANDS A TRIAL BY JURY

Respectfully submitted this 14th day of March, 2017,

*s/ Andrew C. Quisenberry*
Sara Green, Esq.
Andrew C. Quisenberry, Esq.
BACHUS & SCHANKER, LLC
1899 Wynkoop Street, Suite 700
Denver, Colorado 80202
Telephone: 303.893.9800
Facsimile:  303.893.9900
Sara.Green@coloradolaw.net
Andrew.Quisenberry@coloradolaw.net
